UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BASKIN-ROBBINS FRANCHISING LLC, a Delaware limited liability company, and BR IP HOLDER LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE & RAY'S ICE CREAM, INC. and NEAL ROSENTHAL,<br><br>Defendants. | Case No. 2:19-cv-13131<br><br>Hon.<br><br>Preliminary Injunction Requested |

**VERIFIED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiffs Baskin-Robbins Franchising LLC ("Franchisor") and BR IP Holder LLC (collectively "Plaintiffs" or "Baskin-Robbins"), through their attorneys, Dickinson Wright PLLC, for their Complaint against Defendants Mike & Ray's Ice Cream, Inc. ("M&R" or "Franchisee") and Neal Rosenthal ("Rosenthal") (collectively "Defendants") state as follows:

### INTRODUCTION

1. This is an action for breach of contract, trademark infringement, trade dress infringement, and unfair competition arising from M&R's violations of its payment and performance obligations as the Franchisee under a Franchise Agreement with Franchisor; obligations that are personally guaranteed by Defendant Rosenthal. In multiple Notices to Cure, Franchisor afforded Franchisee with an opportunity to cure the defaults under the Franchise Agreement for its failure to pay required fees. Franchisee has failed to cure the defaults. On October 23, 2019, Franchisor sent Franchisee a notice terminating the parties' Franchise Agreement ("Notice of Termination") with respect to Franchisee's Baskin-Robbins

franchised business, effective immediately and requesting that Franchisee comply with its payment and other post-termination obligations under the Franchise Agreement. Notwithstanding Franchisee's receipt of the Notice of Termination, Franchisee continues to operate the Baskin-Robbins shop located at 6243 Orchard Lake Road, West Bloomfield, Michigan and has failed to comply with its post-termination obligations in further breach of the Franchise Agreement. Additionally, Franchisee's continued use and enjoyment of Plaintiffs' trademarks, trade name, and trade dress after the effective date of the termination of the Franchise Agreement is a violation of the Lanham Act, 15 U.S.C. §§ 1051 *et seq.* Plaintiffs seek injunctive relief, monetary damages, and other relief against Franchisee and Rosenthal for the reasons pled below.

## PARTIES

2. Plaintiff Baskin-Robbins Franchising LLC is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts. It is engaged in the business of franchising independent business persons to operate Baskin-Robbins shops throughout the United States. Baskin-Robbins franchisees are licensed to use the trade names, service marks, and trademarks of Baskin-Robbins and to operate under the Baskin-Robbins system, which involves the production, merchandising, and sale of ice cream and related products utilizing a specially designed building with special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, programs, standards, specifications, proprietary marks and information.

3. Plaintiff BR IP Holder LLC is a Delaware limited liability company with its principal place of business at 130 Royall Street, Canton, Massachusetts. BR IP Holder LLC is the owner of the trademark, service mark, and trade name

2

"Baskin-Robbins" and related marks.

4. Upon information and belief, Defendant Mike & Ray's Ice Cream, Inc. is a Michigan corporation with a principal place of business in West Bloomfield, MI.

5. Upon information and belief, Defendant Neal Rosenthal is a Michigan resident.

## JURISDICTION AND VENUE

6. This action arises, in part, under Chapter 22 of Title 15 of the United States Code, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act'"), and presents, *inter alia*, federal questions involving trademark infringement and unfair competition.

7. This Court has subject matter jurisdiction pursuant to §§ 34(a) and 39 of the Lanham Act, 15 U.S.C. §§ 1116(a) and 1121, and 28 U.S.C. §§ 1331, 1332(a), 1338, and 1367(a). The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. This Court has *in personam* jurisdiction over Defendants because they conduct business in this district and the events giving rise to Plaintiffs' claims occurred in this district.

9. This Court has supplemental jurisdiction over any related state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district, a substantial part of the events giving rise to Plaintiffs' claims occurred in this district, and/or this is the judicial district in which Defendants are subject to personal jurisdiction.

## STATEMENT OF FACTS

### The Baskin Robins System

11. Baskin-Robbins Franchising LLC is the franchisor of the Baskin-Robbins franchise system.

12. BR IP Holder LLC ("BP IP") is the owner of the trademarks, service marks, logos, emblems, trade dress and trade name "Baskin-Robbins", and related marks. BR IP has the exclusive license to use and license others to use the "Baskin-Robbins" trade name and related marks, which have been used continuously by BR IP and related companies, including Baskin-Robbins Franchising, LLC, since approximately 1947 to identify Baskin-Robbins shops, and the ice cream and other products associated with those shops.

13. BR IP owns numerous federal registrations for the mark "Baskin-Robbins" or derivations thereof, as well as related marks. Among those registrations are Registration Nos. 1185045, 1371672, 3124982, 0796902, and 1783116. Each of these registrations is in full force and effect, and most of them are incontestable pursuant to 15 U.S.C. § 1065. Each registration is *prima facie* evidence of the validity of the registration, of BR IP's ownership of the Baskin-Robbins marks, and of Plaintiffs' exclusive right to use those marks in commerce on the services and goods listed above, as provided in 15 U.S.C. §§ 1057(b) and 1115(a).

14. The Baskin-Robbins marks are utilized in interstate commerce.

15. The Baskin-Robbins marks have been very widely advertised and promoted by Plaintiffs over the years. As a result, the Baskin-Robbins marks have become famous throughout the United States.

16. Baskin-Robbins and its franchisees currently operate more than 7,800

shops worldwide, including over 2,500 shops in the United States. In the more than seventy (70) years since the Baskin-Robbins system began, millions of customers have been served in Baskin-Robbins shops.

17. As a result of the extensive sales, advertising, and promotion of items identified by the Baskin-Robbins marks, the public has come to know and recognize the Baskin-Robbins marks, and associate them exclusively with products and services offered by Plaintiffs and Baskin-Robbins franchisees. The Baskin-Robbins marks are among the best and most widely known trademarks in the United States today, and are assets of inestimable value to Plaintiffs, representing and embodying Plaintiffs' considerable goodwill and favorable reputation.

## Franchise Agreement With M&R

18. On or about November 30, 2012, Baskin-Robbins entered into a Franchise Agreement with M&R for the operation of a franchised unit located at 6243 Orchard Lake Road, West Bloomfield, Michigan. As President of M&R, Rosenthal executed the Franchise Agreement as the Franchisee's designated and fully authorized representative. A copy of the Franchise Agreement is attached as **Exhibit A**.

19. Rosenthal personally guaranteed the Franchisee's full payment of money obligations and performance under the Franchise Agreement ("Guarantee", **Ex. A**).

20. Defendants were licensed to use the Baskin-Robbins trademarks, trade names, and trade dress in accordance with the terms of the Franchise Agreement.

21. Under the Franchise Agreement, Defendants agreed to use Baskin-Robbins' proprietary marks, including, but not limited to, their Trademarks, service marks, logos, emblems trade dress and other indicia of origin, only in the manner and to the extent specifically licensed by the Franchise Agreement. **Ex. A**, Franchise Agreement, Terms and Conditions §§ 1.0, 2.4, 9.0 – 9.3.

22. Under the Franchise Agreement, Defendants agreed to, among other things: (i) pay continuing franchise fees; (ii) pay continuing advertising fees; (iii) pay fees for mandatory training programs; and (iv) pay late fees, interest and costs on unpaid monies due under the Franchisee Agreement, and any damages, interest, costs and expenses, including reasonable attorneys' fees, incurred as a result of defendants' defaults. *Id.*, Terms and Conditions §§ 4.0, 4.1, 5.2, 5.3, and 5.7.

23. Defendants agreed that they would be in default under the Franchise Agreement if they breached any obligation under the Franchise Agreement, including their obligation to pay all of the required fees. *Id.* § 14.0.1.

24. Defendants agreed that Franchisor may terminate the Franchise Agreement if they defaulted under the Franchise Agreement and failed to timely cure any default. *Id.* § 14.6.

25. Defendants agreed that Franchisor may terminate the Franchise Agreement without the opportunity to cure a default if the Defendants had received three or more previous notices to cure for the same or substantially

6

similar default within the immediately preceding twelve-month period. *Id.* § 14.2.

26.  Defendants agreed that upon the termination of the Franchise Agreement: (i) they must pay all monies owed under the Franchise Agreement, including fees and interest; (ii) their right to use the Baskin-Robbins proprietary marks and system would cease; and (iii) they would immediately cease to operate the franchised businesses, cease to use the proprietary marks and system, and would not, directly or indirectly, hold themselves out as a present or former Baskin-Robbins franchisee. *Id*. §§ 14.7.1 – 14.7.3.

27.  Defendants agreed that any unauthorized use of the Baskin-Robbins proprietary marks following termination of the Franchise Agreement would threaten immediate and substantial irreparable injury to Franchisor and would give Franchisor the right to obtain immediate injunctive relief. *Id.* §§ 10.4, 14.5.

## **Default, Notices to Cure, and Notice of Termination**

28.  Defendants breached the Franchise Agreement and Guarantee by failing to pay the required franchise fees, advertising fees, and/or other amounts owed to Franchisor, resulting in Defendants receiving three notices to cure within a twelve-month period.

29.  Baskin-Robins sent Franchisee Notices to Cure dated January 2, 2019, April 24, 2019, and July 19, 2019, notifying Franchisee of its defaults under the Franchise Agreement based on its failure to pay required fees. Copies of the three

Notices to Cure are attached as **Exhibit B**.

30. Since receiving the Notices to Cure, Defendants have remained in default of the Franchise Agreement and Guarantee based on their continuing failure to pay required delinquent fees owed to Franchisor.

31. As a result of Defendants' multiple defaults and failure to cure, pursuant to Section 14.6 of the Franchise Agreement, on October 23, 2019, Baskin-Robbins sent Franchisee a Notice of Termination with respect to the franchised business. The Notice of Termination terminated the Franchise Agreement, stated the grounds for termination, and requested that Defendants immediately comply with their payment and post-termination obligations under the Franchise Agreement. A copy of the Notices of Termination is attached as **Exhibit C**.

32. Notwithstanding Defendants' non-performance under the Franchise Agreement, the resulting termination of the Franchise Agreement, and the Notice of Termination, Defendants have continued to operate the Baskin-Robbins shop and use Baskin-Robbins' marks and system without having any right or license to do so.

33. As of October 16, 2019, Defendants owed Baskin-Robbins approximately $10,181.60 in unpaid fees.

34. Defendants' continued unauthorized use of the Baskin-Robbins marks and system is causing, and will continue to cause, Baskin-Robbins irreparable

harm.

35. Plaintiffs have been forced to engage undersigned counsel to represent them in this case.

36. Plaintiffs are obligated to pay undersigned counsel a reasonable fee for professional services provided in this case. **Ex. A**, Franchise Agreement, Terms and Conditions, § 14.4.4.

## COUNT I
**(Breach of Contract - Breach of the Franchise Agreement and Guarantee)**

37. The allegations of paragraphs 1 through 36 are hereby incorporated by reference.

38. Franchisor has performed all of its obligations under the Franchise Agreement.

39. As stated above, Defendants' conduct constitutes a breach of the above-described contractual obligations contained in the Franchise Agreement and Guarantee.

40. That breach constituted good cause for terminating the Franchise Agreement.

41. As a result of Defendants' contractual breaches, Plaintiffs have suffered, and continue to suffer, irreparable harm. Further, Plaintiffs have incurred, and continuing to incur, monetary damages in a full amount that has yet to be determined.

## COUNT II
## (Trademark Infringement)

42. The allegations of paragraphs 1 through 41 are hereby incorporated by reference.

43. The use in commerce of the Baskin-Robbins trademarks and trade names by Defendants outside the scope of the Franchise Agreement and without Plaintiffs' consent is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Defendants are licensed, franchised, sponsored, authorized, or otherwise approved by Plaintiffs. Such unauthorized use of the Baskin-Robbins trademarks and trade names infringes the exclusive rights in its trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114 and applicable state law.

44. Defendants' actions were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

45. As a result of Defendants' actions, Plaintiffs have suffered, and continue to suffer, irreparable harm. Further, Plaintiffs have incurred, and continuing to incur, monetary damages in a full amount that has yet to be determined.

## COUNT III
## (Unfair Competition)

46. The allegations of paragraphs 1 through 45 are hereby incorporated by reference.

47. The use in commerce of Baskin-Robbins' trademarks and trade names by- Defendants outside the scope of the Franchise Agreement and without Plaintiffs' consent is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of their goods, services, or commercial activities by another person. Such unauthorized use of the Baskin-Robbins trademarks and trade names violates Section 43 of the Lanham Act, 15 U.S.C. § 1125(a) and applicable state law.

48. Defendants' actions were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

49. As a result of Defendants' actions, Plaintiffs have suffered, and continue to suffer, irreparable injury. Further, Plaintiffs have incurred, and continue to incur, monetary damages in a full amount that has yet to be determined.

## COUNT IV
### (Trade Dress Infringement)

50. The allegations of paragraphs 1 through 49 are hereby incorporated by reference.

51. Defendants' shop is identified by signs, exterior appearance, packaging, containers, and other items on which the words "'Baskin-Robbins" appears in the same lettering style and in the same distinctive color scheme that Baskin-Robbins uses for the shops operated by Baskin-Robbins' licensees.

52. The use by Defendants of trade dress that is identical to the Baskin-Robbins trade dress outside the scope of the Franchise Agreement constitutes a false designation of the origin of Defendants' shop, which is likely to cause confusion, or to cause mistake, or to deceive the public as to the affiliation, connection, or association of their shop with the Baskin-Robbins shops operated by Baskin-Robbins' licensees. Such adoption of Baskin-Robbins' trade dress violates Section 43 of the Lanham Act, 15 U.S.C. § 1125, and the common law.

53. Defendants' actions were and are being done knowingly and intentionally to cause confusion, or to cause mistake or deceive.

54. As a result of Defendants' actions, Plaintiffs have suffered, and continue to suffer, irreparable injury. Further, Plaintiffs have incurred, and continue to incur, monetary damages in a full amount that has yet to be determined.

## **PRAYERS FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court:

1. Enter a declaratory judgment that Defendants' conduct violated the terms of the Franchise Agreement and constituted good cause for termination of the agreement;

2. Enter an order ratifying and enforcing the termination of the Franchise Agreement as of the effective date set forth herein and in the Notice of Termination;

3. Enjoin Defendants, and their agents, servants, employees and

attorneys, and all others in active concert or participation with them, from infringing upon the Baskin-Robbins trademarks, trade names, and trade dress, and from otherwise engaging in unfair competition with Baskin-Robbins;

4. Enjoin Defendants, and their agents, servants, employees and attorneys, and all others in active concert or participation with them, to comply with all post-termination obligations under any contract with Plaintiffs, including but not limited to, the Franchise Agreement;

5. Enter a judgment in favor of Plaintiffs for the damages incurred as a result of the breaches of the Franchise Agreement:

6. Award Plaintiffs prejudgment interest in accordance with Section 35 of the Lanham Act 15 U.S.C. § 1117 and applicable law;

7. Award Plaintiffs their costs and attorneys' fees incurred in connection with this action pursuant to the Franchise Agreement and Section 35 of the Lanham Act, 15 U.S.C. § 1117; and

8. Award Plaintiffs such other relief as this Court may deem just and proper.

Respectfully submitted,

DICKINSON WRIGHT PLLC
/s/ Mahesh K. Nayak
Mahesh K. Nayak (P54867)
Peter E. Doyle (P81815)
James A. Martone (P77601)
2600 West Big Beaver Road, Suite 300
Troy, MI  48034-3312 / (248) 433-7200
mnayak@dickinsonwright.com
pdoyle@dickinsonwright.com
jmartone@dickinsonwright.com

Dated: October 25, 2019        **Attorneys for Plaintiffs-Baskin Robbins Franchising LLC and BR IP Holder LLC**

## VERIFICATION

I hereby certify that I am the Senior Collection Specialist with Dunkin' Brands and have read this Verified Complaint in its entirety. I attest that the statements are true and accurate based upon my personal knowledge as supervisor of collection-related activities for Baskin-Robbins franchisees and my review of, and familiarity with, the books and records maintained in the ordinary course of business of Dunkin' Brands, Inc., and its corporate affiliates, including Baskin-Robbins Franchising LLC and BR IP Holder LLC. I further attest that true and accurate copies of the Franchise Agreement, Notices to Cure and Notice of Termination have been attached to this Verified Complaint as Exhibits A-C.

_____
Gary Zullig
Senior Collections Specialist

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF NORFOLK

Subscribed and sworn to before me on this 23 day of October, 2019.

_____
Notary Public
My Commission Expires

TRACY GIUFFRIDA
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires On
April 25, 2025

BLOOMFIELD 69118-16 2679844v2